Galen **ELDRED; V.J. Kopecky; Stella Kopecky; Maxine Ferreter; Steven E. Eldred, Custodian; G. Terry Eldred, Custodian; Milton Kopecky; Edward Straka; Darleen Straka; Otto Straka; Frances Winchell; Harlan A. McKinney; Ruth McKinney; Raymond Conrad; Lois Holsinger, Deceased; and Arlene Topinka and Irene Conrad, On Behalf of Themselves and Others Similarly Situated, Appellants,**

v.

The **MERCHANTS NATIONAL BANK OF CEDAR RAPIDS, Appellee,**

and

State of Iowa; **McGladrey, Hendrickson and Pullen, A Partnership; and John Doe, Defendants.**

No. 90–270.

Supreme Court of Iowa.

April 17, 1991.

Nick Critelli of Nick Critelli Associates, P.C., Des Moines, for appellants.

Robert G. Allbee, Wade R. Hauser III, and Andrew J. Bracken of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

This is a case of first impression in Iowa. It poses the question whether an indenture trustee owes fiduciary duties to investors beyond those set out in the indenture. We hold it does not and affirm.

I. *Background.*

This is the third appeal to reach this court arising out of the bankruptcy of MorAmerica Financial Corporation (MorAmerica) and its subsidiaries. *See Eldred v.*

*McGladrey, Hendrickson & Pullen,* 468 N.W.2d 218 (Iowa 1991); *Unertl v. Bezanson,* 414 N.W.2d 321 (Iowa 1987). This appeal is taken from the same suit as *McGladrey* and involves the same plaintiffs. In this appeal, plaintiffs challenge the district court's grant of summary judgment to Merchants National Bank of Cedar Rapids (MNB). As most of the facts of the case are set out in *McGladrey,* we will not repeat them here. Additional necessary facts are set out below.

MNB served as trustee under two separate trust indenture agreements, one for thrift certificates and the other for subordinated debentures. The two agreements are identical. MNB received a fee of $750 per year for acting as trustee. Under the agreements MNB held no assets as trustee. Its limited duties as trustee were set out in each indenture as follows:

> The Trustee, prior to the occurrence of an Event of Default and after the curing of Events of Default which may have occurred, undertakes to perform such duties and only such duties as are specifically set forth in this Indenture. In case an Event of Default has occurred (which has not been cured) the Trustee shall exercise such of the rights and powers invested in it by this Indenture, and use the same degree of skill and care in their exercise, as a prudent man would exercise or use under the circumstances in the conduct of his own affairs.
>
> . . . .
>
> [T]he duties and obligations of the Trustee shall be determined solely by the express provisions of this Indenture, and the Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth in this Indenture, and no implied covenants or obligations shall be read into this Indenture against the Trustee. . . .

Prior to filing bankruptcy in August of 1985, MorAmerica was never in default. Plaintiffs do not contest MNB's performance of its duties as set out in the indenture agreement; the sole issue is whether MNB had additional fiduciary duties imposed upon it by common law.

## II. Analysis.

We have recently reiterated the principle that the purpose of a trust governs its administration and enforcement. *Hanson v. Minette*, 461 N.W.2d 592, 594 (Iowa 1990). The purpose of the trust is determined by examining the language of the instrument which creates the trust and the surrounding circumstances. *Id.* Here, the language of the trust indenture clearly limits the role of the trustee prior to default and does not support a finding of an intent to impose additional fiduciary duties.

We must also examine the surrounding circumstances. *Id.* We find it significant that MNB held no assets in trust. This is distinct from the typical trust arrangement in which a trustee holds and administers a corpus for the sake of a beneficiary. Obviously, the responsibilities of a trustee in a situation such as the one here are much less than in the typical trust.

Another element which we consider in determining the purpose of the trust is the traditional treatment of indenture trustees. Since there are no prior Iowa cases on point, we look to the decisions of other jurisdictions. In *Lorenz v. CSX Corp.*, 736 F.Supp. 650 (W.D.Pa.1990), the court, applying New York state law, stated:

> [u]nlike the typical trustee whose rights and duties are grounded in the common law, the obligations of the Indenture Trustee are circumscribed by the terms of the Indenture. His duties are defined by contract, and he owes the debenture holders no fiduciary duties beyond those provided by the Indenture.

*Id.* at 656; *accord Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 957–58 (5th Cir.1981); *Hazzard v. Chase Nat'l Bank*, 159 Misc. 57, 287 N.Y.S. 541 (Sup.Ct.N.Y. Cty 1936), *aff'd*, 257 A.D. 950, 14 N.Y.S.2d 147 (1939), *aff'd*, 282 N.Y. 652, 26 N.E.2d 801 (1940), *cert. denied*, 311 U.S. 708, 61 S.Ct. 319, 85 L.Ed. 460 (1940).

The Minnesota court has adopted a similar view:

> Unlike the ordinary trustee, who has historic common-law duties imposed beyond those in the trust agreement, an indenture trustee is more like a stakeholder whose duties and obligations are exclusively defined by the terms of the indenture agreement.

*National City Bank v. Coopers & Lybrand*, 409 N.W.2d 862, 866 (Minn.App.1987) (quoting *Meckel v. Continental Resources Co.*, 758 F.2d 811, 816 (2d Cir.1985)).

We note that the Trust Indenture Act of 1939, while not applicable to this case, specifically permits an indenture to provide that, "prior to default (as such term is defined in such indenture) ... the indenture trustee shall not be liable except for the performance of such duties as are specifically set out in such indenture." 15 U.S.C. 77*ooo*(a)(1). *See also Elliott Assocs. v. J. Henry Schroder Bank & Trust Co.*, 838 F.2d 66, 70–71 (2d Cir.1988).

The cases cited by plaintiffs are all factually dissimilar to this case and are unpersuasive. We are convinced that an indenture trustee's fiduciary duties may be limited to those stated in the trust indenture where, as here, the language of that instrument clearly expresses such an intent and the surrounding circumstances support that interpretation.

AFFIRMED.